## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ALONZA WOODFORD, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MR. CRAB NEW ORLEANS SEAFOOD MARKET LLC. | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Alonza Woodford (hereinafter "Plaintiff"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendant, Mr. Crab New Orleans Seafood Market, LLC, a Georgia Corporation, (hereinafter "Defendant"), and respectfully shows the Court as follows:

## I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Mr. Crab New Orleans Seafood Market, LLC resides in this district.

## III. PARTIES

5.

During Plaintiff's employment with Defendant, and at all times material hereto, Plaintiff was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Mr. Crab New Orleans Seafood Market, LLC is a Georgia Limited Liability Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia

7.

Mr. Crab New Orleans Seafood Market, LLC is now and, at all times relevant hereto, has been a domestic corporation engaged in an industry affecting commerce.

8.

Defendant may be served by delivering a copy of the summons and complaint upon its Registered Agent, Vincent L. Vu at 4145 Wild Ridge Drive, Duluth, Georgia, 30096, USA.

9.

Plaintiff is an "employee" of Defendants, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

10.

Plaintiff performed non-exempt labor for Defendant within the last three (3) years.

11.

Defendant employed Plaintiff during the relevant time period.

12.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

13.

Defendant is a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

14.

Defendant is classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

During Plaintiff's employment with Defendant, Defendant employed two (2) or more employees which handled goods, materials, and supplied which travelled in interstate commerce.

16.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

# IV. FACTUAL ALLEGATIONS

## 17.

Plaintiff began working at the Restaurant in March 2020, as a Cook, with an hourly rate of $10.00.

## 18.

Plaintiff regularly alternated between the Decatur and Riverdale locations of the Restaurant, working overtime at both prior to the closing of the Decatur location.

## 19.

Plaintiff was always diligent in attendance and punctuality, always willing to work extra time when needed when the Restaurant was low in staff.

## 20.

Since the beginning of his employment with the Restaurant, Plaintiff provided his supervisor and owner of the Restaurant, Mr. Victor McNair, with timesheets for each pay period, including overtime.

## 21.

It was then Mr. McNair's responsibility to calculate Plaintiff's time, and to compensate him appropriately.

22.

However, Mr. McNair failed to uphold this responsibility, failing to pay Plaintiff for overtime during his entire tenure at the Restaurant, without explanation.

23.

It must also be noted the Restaurant had an unconventional pattern in which it paid Plaintiff.

24.

Instead of the typical bi-weekly pay pattern, Mr. McNair would issue checks to Plaintiff, "whenever he felt like cutting the checks." This means that the pay periods would vary, with no consistent start or end date.

25.

On January 2, 2021, one of Plaintiff's immediate family members died unexpectedly. Plaintiff was notified while he was working that day, but finished his shift.

26.

On January 3, 2021, Plaintiff went out of state to be with his family from January 3-10, 2021, in which Mr. McNair approved. However, Mr. McNair failed to pay Plaintiff for the second pay period during the month of December, including the date of January 2, 2021.

27.

Plaintiff has not been paid for any overtime worked while employed at the Restaurant, nor has he been paid for his last pay period worked prior to parting ways with the Restaurant in mid-January 2021.

## V.  CLAIMS FOR RELIEF

### Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

28.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

29.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked more than forty (40) hours in given workweeks and by forcing Plaintiff to work off the clock without compensation.

30.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

31.

Defendant knowingly and willfully permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

32.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement due to their repeated failure to compensate Plaintiff at the required overtime rate.

33.

Defendant have failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

34.

Defendants' violations of the FLSA were willful and in bad faith.

35.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendants, awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)    Grant Plaintiff leave to add additional state law claims if necessary; and

(E)    Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 19th day of May, 2021.

Respectfully submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-1682
Email: jstephens@forthepeople.com